Harrison J. Dossick (SBN 128319)
Email: hdossick@reedsmith.com
REED SMITH LLP
1901 Avenue of the Stars, Suite 700
Los Angeles, CA 90067-6078
Telephone: +1 310 734 5200
Facsimile: +1 310 734 5299

Attorneys for Defendants
Paramount Pictures Corporation, Will Packer Productions, Inc., Black Entertainment Television, LLC, Tina Gordon Chism, Peter Huyck, Alex Gregory, Will Packer and James Lopez

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| JOE GREGORY CARLINI, and individual,<br><br>Plaintiff,<br><br>vs.<br><br>PARAMOUNT PICTURES CORPORATION, a Delaware corporation; WILL PACKER PRODUCTIONS, INC., a California corporation; BLACK ENTERTAINMENT TELEVISION, LLC, a District of Columbia limited liability corporation; TINA GORDON CHISM, an individual; PETER HUYCK, an individual; ALEX GREGORY, an individual; JAS WATERS, an individual; WILL PACKER, an individual; JAMES LOPEZ, an individual; GARY OWEN, an individual; BRYAN RUSSELL, an individual; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 2:22-cv-06230<br><br>[Removal from Superior Court of California, County of Los Angeles, Case No. 22STCV19703]<br><br>[Federal Question]<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441(b)**<br><br>*[Filed concurrently with (1) Civil Cover Sheet, (2) Certification and Notice of Interested Parties; and (3) Notice of Related Cases]* |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that Defendants Paramount Pictures Corporation, Will Packer Productions, Inc., Black Entertainment Television, LLC, Tina Gordon Chism, Peter Huyck,[1] Alex Gregory, Will Packer and James Lopez (collectively, the "Removing Defendants") hereby remove the State Court Action (as defined below) to this Court.

## INTRODUCTION

1. On or about June 15, 2022, an action was commenced in the Superior Court of the State of California, County of Los Angeles, entitled *Joe Gregory Carlini v. Paramount Pictures Corporation, Will Packer Productions, Inc., Black Entertainment Television, LLC, Tina Gordon Chism, Peter Huyck, Alex Gregory, Jas Waters,*[2] *Will Packer, James Lopez, Gary Owen, Bryan Russell and DOES 1 through 100, inclusive*, Case No. 22STCV19703 (the "State Court Action").

2. On August 2, 2022, the undersigned counsel acknowledged receipt and accepted service of the Summons and Complaint on behalf of each of the Removing Defendants in accordance with Cal. Code Civ. Proc. ("C.C.P.") § 415.30(c). A copy of the Summons and Complaint, contemporaneously served case-initiating documents and corresponding acknowledgement pertaining to each of the Removing Defendants is attached hereto as Exhibit A.

3. Upon information and belief, Plaintiff claims to have effected "substitute service" of the Summons and Complaint on Defendant Gary Owen ("Owen") pursuant to C.C.P. § 415.20. A copy of the Owen proof of service provided by Plaintiff's counsel is attached hereto as Exhibit B.

---

[1] Defendant Peter Huyck is erroneously named and referred to in the Complaint as "Peter Hyuck."

[2] Upon information and belief, Defendant Jas Waters died on or about June 9, 2020, approximately two years before the State Court Action was commenced.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

4. On or about August 17, 2022, Plaintiff submitted an *ex parte* application for an order extending the time to serve Defendant Bryon Russell[3] ("Russell") with a Summons and Complaint in the State Court Action. Plaintiff's application was granted and on or about August 18, 2022, the Los Angeles Superior Court entered an order extending the date for Plaintiff to serve Russell with a Summons and Complaint to October 14, 2022. A copy of Plaintiff's *ex parte* application and the court's subsequent order are attached hereto as Exhibit C. Upon information and belief, the documents attached in Exhibit A, Exhibit B and Exhibit C are the only papers Removing Defendants have received to date in the State Court Action.

5. Upon information and belief, as of the date of this Notice of Removal, Russell has not been served with a Summons and Complaint.

6. None of the Removing Defendants has filed a responsive pleading in the State Court Action. Upon information and belief, neither Defendant Owen nor Defendant Russell has filed a responsive pleading in the State Court Action.

7. The undersigned counsel for the Removing Defendants hereby avers and certifies as follows: (a) Removing Defendants are informed and believe that Defendant Owen denies that he has been properly served by "substitute service" pursuant to C.C.P. §415.20 or otherwise; (b) if Owen was not properly served, as he contends, Owen's consent to removal herein is not required;[4] (c) if Owen was properly served under C.C.P. §415.20, "substitute service" was deemed complete on August 14, 2022 (*i.e.*, the 10th day after mailing which, according to the proof of service—Exhibit B hereto—was August 4, 2022), and Owen would have until September 13, 2022, to either (i) file a notice of removal or (ii) consent to a notice

---

[3] Defendant Bryon Russell is erroneously named and referred to in the Complaint at times as "Bryan Russell."

[4] *See Destfino v. Reiswig*, 630 F. 3d 952, 957 (9th Cir. 2011) ("Because [substituted] service on the Kim defendants was defective, their joinder in the [removal] petition wasn't required.")

- 3 -

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

of removal filed by an earlier served defendant;[5] and (d) to the extent, if at all, Owen's consent to removal herein is required, Owen has so consented on the grounds set forth below. *See Protor ex re. Siliconix, Inc. v. Vishay Intertechnology Inc.*, 584 F3d. 1208, 1225 (9th Cir. 2009) ("[T]he filing of a notice of removal can be effective without individual consent documents on behalf of each defendant. One defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient.")

## JURISDICTION

8. The State Court Action may be properly removed to this Court because the First Claim for Unfair Competition (Cal. Bus. & Prof. Code Section 17200, *et seq*.) pleaded in the State Court Action (the "UCL Claim") is preempted as a matter of law under the Copyright Act of 1976 (17 U.S.C. § 101 *et seq*.) by virtue of the following allegations in Plaintiff's Complaint:

a. Removing Defendants are alleged to be the credited writers, producers and/or distributors of the motion picture titled *What Men Want*, which was released in early 2019. *See* Complaint, ¶¶ 32-33, 37;

b. Plaintiff is the alleged co-author of an original screenplay titled *What the F Is He Thinking* (the "Screenplay"). *See id*. ¶ 16;

c. Plaintiff alleges that he registered the Screenplay with (a) the U.S. Copyright Office "in August 2015" and received a Registration Certificate numbered Pau003796018, and (b) the Writers Guild of America West. *See id*. ¶ 17;

d. Plaintiff allegedly emailed a copy of the Screenplay and a related written business plan to Defendant Owen. *See id*. ¶ 21;

e. Plaintiff alleges, <u>solely</u> on information and belief, "that Owen shared the ideas contained in [the Screenplay] with Defendant Will

---

[5] *Destfino*, 630 F. 3d at 956 ("[W]e hold that each defendant is entitled to thirty days to exercise his removal rights after being served.")

- 4 -

Packer," and that "Mr. Owen and/or Mr. Packer shared the ideas with other Defendants." *See id*. ¶ 27. Plaintiff further alleges that myriad, supposedly original, copyright protectable elements of the Screenplay—which Plaintiff at times throughout the Complaint also refers to as "ideas"—were "stolen" or "misappropriated" by Defendants, and/or were used in *What Men Want*. *See id*. ¶¶ 34-36, 39-51; and

f. Plaintiff's UCL Claim is expressly predicated on "Defendants' <u>unauthorized use of Plaintiff's copyrighted work</u> and unlawful appropriation of Plaintiff's property." *See id*. ¶ 57 (emphasis added).

9. The State Court Action also may be properly removed to this Court by virtue of the following additional relevant facts:

a. On or about September 25, 2019—*i.e.*, more than two and a half years before commencing the State Court Action—Plaintiff initiated an action in this Court against Removing Defendants entitled *Joe Gregory Carlini v. Paramount Pictures Corporation, Will Packer Productions, Inc., Black Entertainment Television, LLC, Tina Gordon Chism, Peter Huyck, Alex Gregory, Jas Waters, Will Packer and James Lopez* for Copyright Infringement, Declaratory Relief, Unfair Competition (Cal. Bus. & Prof. Code §17200 *et seq*.) and Breach of Implied-In-Fact Contract, Case No. 2:19-cv-08306-SB-RAO (the "Copyright Infringement Action").[6] <u>The relevant factual allegations pleaded in the current State Court Action are substantively indistinguishable from the relevant factual allegations pleaded in the prior Copyright Infringement Action</u>. A copy of the Plaintiff's Second Amended Complaint in the Copyright Infringement Action is attached hereto as <u>Exhibit D</u>, and a copy of Plaintiff's proposed Third Amended Complaint in the

---

[6] Plaintiff did not name Owen or Russell as defendants in the Copyright Infringement Action.

- 5 -

1 Copyright Infringement Action is attached hereto as <u>Exhibit E</u>; and

2    b. On or about February 2, 2021, this Court denied Plaintiff's Motion for Leave to File a proposed Third Amended Complaint, granted Removing Defendants' motion to dismiss the claims for Copyright Infringement and Declaratory Relief without leave to amend, and dismissed the claims for Unfair Competition (Cal. Bus. & Prof. Code §17200 *et seq.*) and Breach of Implied-In-Fact Contract without prejudice. *See* DOC 47, a copy of which is attached hereto as <u>Exhibit F</u>.[7]

 10. This Court has original and exclusive jurisdiction over any action for copyright infringement under section 301(a) of the Copyright Act of 1976 (17 U.S.C. § 301(a)), which provides:

> On and after January 1, 1978, all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 [rights of reproduction, adaptation and publication] in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 [original works of authorship] and 103 [compilations and derivative works], whether created before or after that date and whether published or unpublished, are governed exclusively by this title. Thereafter, <u>no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State</u>. (Emphasis added.)

 11. When federal law "completely preempts" an area of state law, a claim purporting to assert a right based upon that state law is considered a claim "arising under" federal law and may be removed to federal court. *Caterpillar, Inc. v. Williams*,

---

[7] After Plaintiff timely appealed, the Ninth Circuit Court of Appeals affirmed this Court's dismissal of Plaintiff's copyright infringement and declaratory relief claims. *See Carlini v. Paramount Pictures Corp. et al.*, 2022 U.S. App. LEXIS 5490 (9th Cir. Mar. 2, 2022).

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

482 U.S. 386, 393, 107 S. Ct. 2425 (1987). The complete preemption doctrine articulated in *Caterpillar* extends to any "federal statute that both preempts state law and substitutes a federal remedy for that law, thereby creating an exclusive federal cause of action." *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 305 (2nd Cir. 2004).

12. In *Rosciszewski v. Arete Associates, Inc.*, 1 F.3d 225 (4th Cir. 1993), the court held that the complete preemption doctrine expressly applies to claims that fall within the subject matter of the Copyright Act, and thus that such claims may be removed to federal court:

> The grant of exclusive jurisdiction to the federal district courts over civil actions arising under the Copyright Act, combined with the preemptive force of §301(a), compels the conclusion that Congress intended that state-law actions preempted by §301(a) of the Copyright Act arise under federal law. Accordingly, we hold that the preemptive force of §301(a) of the Copyright Act transforms a state-law complaint asserting claims that are preempted by§ 301(a) into a complaint stating a federal claim for purposes of the well-pleaded complaint rule. Since claims preempted by §301(a) arise under federal law, removal of actions raising these claims to federal district court is proper.

*Id.* at 232-33. Numerous other circuits, and the Central District of California, have agreed. *See Briarpatch Ltd.*, 373 F.3d at 305 (2d Cir. 2004) ("[T]he district courts have jurisdiction over state law claims preempted by the Copyright Act."); *GlobeRanger Corp. v. Software AG*, 691 F.3d 702, 706 (5th Cir. 2012) ("We hold that Section 301(a) of the Copyright Act completely preempts the substantive field."); *Ritchie v. Williams*, 395 F.3d 283, 285 (6th Cir. 2005) (district court correctly applied the doctrine of complete preemption to allow removal, because "Section 301 of the Copyright Act broadly preempts state law claims, and federal law vests exclusive jurisdiction over such preempted copyright claims in the federal courts."); *Mattel, Inc.*

*v. Bryant*, 441 F. Supp. 2d 1081, 1092 (C.D. Cal. 2005) ("The Copyright Act has complete preemptive force" for purposes of removal jurisdiction).

13. In this circuit, claims for unfair competition under Cal. Bus. & Prof. Code §17200 *et seq.* are preempted by the Copyright Act whenever the following two-part test is satisfied: *First*, the work at issue comes within the subject matter of copyright; and *second*, the rights granted under state law are equivalent to those protected by the Copyright Act. *See Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209, 1213 (9th Cir. 1998). Plaintiff's UCL Claim unquestionably satisfies both prongs of the *Kodadek* test.

14. The first *Kodadek* prong is met because (a) Plaintiff alleges throughout the Complaint that the supposed "stolen ideas" in *What Men Want* were fixed in a tangible medium (*i.e.*, Plaintiff's copyrighted Screenplay) (*See* Complaint ¶¶ 16-17, 21, 27, 30, 34-51), and (b) the UCL Claim itself is expressly predicated on "Defendants' <u>unauthorized use of Plaintiff's copyrighted work</u>." *See id*. ¶ 57 (emphasis added). In this regard, it is irrelevant that copyright *protection* does not extend to "ideas," because "the shadow actually cast by the [Copyright] Act's preemption is notably broader than the wing of its protection." *Montz v. Pilgrim Films & TV, Inc.*, 649 F.3d 975, 979 (9th Cir. 2011) (quoting 4 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright*, § 19.D.03 [A][2][b] (rev. ed. 2010). "For preemption purposes, ideas and concepts that are fixed in a tangible medium fall within the scope of copyright." *Id.*; *see also, e.g., Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1189 (C.D. Cal. 2001) ("The first prong … is satisfied wherever the works at issue come within the 'subject matter of copyright,' … even where the works at issue (or some parts of those works) may not actually be protected, or even protectable, under the Copyright Act."); *Entous v. Viacom Int'l Inc.* 151 F. Supp. 2d 1150, 1159 (C.D. Cal. 2001) ("While 'ideas' do not enjoy copyright protection, courts have consistently held that they fall within the 'subject matter of copyright' for the purposes of

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

preemption analysis."); *Selby v. New Line Cinema Corp.*, 96 F. Supp. 2d 1053, 1058 (C.D. Cal. 2000) ("[I]deas embodied in a work covered by the [Act] are nevertheless within the subject matter of copyright for purposes of preemption because scope and protection are not synonymous.") (Quotations and citation omitted).

15. The second *Kodadek* prong likewise is met because the rights protected under Cal. Bus. & Prof. Code §17200 *et seq.* and the Copyright Act are equivalent. Specifically, the law is settled that unfair competition claims under Cal. Bus. & Prof. Code §17200 *et seq.* concerning the alleged misappropriation of ideas or elements fixed in a tangible medium (*e.g.*, a written screenplay or treatment) do not require proof of an "extra element" that is qualitatively different from the rights protected by copyright. *See e.g.*, *Jones v. Twentieth Century Studios*, 2021 U.S. Dist. LEXIS 252193 (C.D. Cal. Dec. 7, 2021); *Evans v. NBCUniversal Media LLC*, 2021 US Dist. LEXIS 193112 (C.D. Cal. July 23, 2021); *Hunter v. Tarantino*, 2010 U.S. Dist. LEXIS 152673 (C.D. Cal. Jul. 15, 2010); *Hoff v. Walt Disney Pictures*, 2019 U.S. Dist. LEXIS 140343 (C.D. Cal. Aug. 19, 2019); *Wild v. NBC Universal*, 788 F. Supp. 2d 1083, 1111 (C.D. Cal. 2011); *Wash v. ViacomCBS, Inc.*, 2020 U.S. Dist. LEXIS 188005 (C.D. Cal. Aug. 20, 2020).

16. On the basis of the foregoing facts and authorities, Removing Defendants are entitled to remove the State Court Action to this Court pursuant to the provisions of 28 U.S.C. §§1338(a) and 1441, without respect to the amount in controversy and without regard to the citizenship of the parties, because the purported UCL Claim arises, if at all, under section 301 of the Copyright Act of 1976.

17. Removing Defendants acknowledge that a claim for breach of implied-in-fact contract pleaded under California law in accordance with *Desny v. Wilder,* 46 Cal.2d 715 (1956) and its progeny may require proof of an "extra element"—*i.e.*, the formation of an implied agreement of payment for use of a concept—and thus may not be preempted by the Copyright Act. *See e.g.*, *Montz*

*v. Pilgrim Films & TV, Inc.*, 649 F.3d 975 (9th Cir. 2011). Although Removing Defendants contend that Plaintiff's claim for breach of implied-in-fact contract in the State Court Action does not properly allege the formation of such an agreement and fails as a matter of law for additional reasons, for purposes of this Notice of Removal, Removing Defendants do not assert that Plaintiff's purported breach of implied-in-fact contract claim is preempted. Nevertheless, because a claim that is not preempted may be properly removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(c) where, as here, it has been joined with a claim that would have been removable if sued upon alone (*i.e.*, the UCL Claim), the entire State Court Action may be properly removed.

18. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within 30 days after service of the Summons and Complaint in the State Court Action was effected on Removing Defendants under C.C.P. § 415(c).

WHEREFORE, Removing Defendants pray that the State Court Action be removed therefrom to this Court.

DATED: September 1, 2022

REED SMITH LLP

By: /s/ *Harrison J. Dossick*
Harrison J. Dossick
Attorneys for Defendants
Paramount Pictures Corporation, Will Packer Productions, Inc., Black Entertainment Television, LLC, Tina Gordon Chism, Peter Huyck, Alex Gregory, Will Packer and James Lopez